# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE A. YZAGUIRRE,<br><br>             Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>             Defendant. | CASE NO. 1:08-cv-00040 GSA<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION<br>(Doc. 13) |

Defendant Michael J. Astrue, in his capacity as Commissioner of the Social Security Administration, moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff opposes the motion. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1] Having considered all the papers filed by the parties, the Court GRANTS Defendant's motion to dismiss.

## Factual and Procedural Background

On March 30, 2004, Plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act. Exhibit 1 to Declaration of Errol B. Sperling ("Sperling Decl."). On October 15, 2004, Plaintiff was notified that she was found disabled as of March 14, 2004, at the initial level of determination. Sperling Decl., at ¶ 3(b) and Exhibit 2. There is no record that

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On March 24, 2008, the Honorable Lawrence J. O'Neill reassigned the case to the undersigned for all purposes.

1  Plaintiff requested reconsideration of the initial determination. Sperling Decl., at ¶ 3(c). Plaintiff
2  began receiving monthly benefits as of September 2004, without interruption. Sperling Decl., at
3  ¶ 3(d) and Exhibit 3.
4       On January 8, 2008, Plaintiff filed a Complaint against the Commissioner of Social
5  Security, seeking reversal of the Commissioner's decision. (Doc. 1). On July 2, 2008, the
6  Commissioner filed the instant motion to dismiss for lack of subject matter jurisdiction. Plaintiff
7  was served with the motion by mail on July 23, 2008. On August 13, 2008, the Court entered an
8  order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's
9  motion to dismiss for lack of subject matter jurisdiction. Plaintiff filed an answer in opposition
10 to Defendant's motion to dismiss on August 12, 2008, which was entered into the Court's docket
11 on August 14, 2008. No other documents have been filed in connection with the pending
12 motion.

13                                                    Discussion

14      The Commissioner moves to dismiss Plaintiff's claims for lack of subject matter
15 jurisdiction, arguing that Plaintiff has not exhausted her administrative remedies and therefore
16 has not received a final decision subject to this Court's review.

17 A.    Motion to Dismiss Standard

18      Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter
19 jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must
20 exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd.*
21 *Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A plaintiff has the burden to establish that
22 subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377
23 (1994).

24 B.    Exhaustion Requirement

25      Section 405 governs judicial review of final decisions denying claims under Title II of the
26 Social Security Act and provides in pertinent part:

27     (g) ... Any individual, after any final decision of the Commissioner of Social
    Security made after a hearing to which he was a party, irrespective of the amount
28     in controversy, may obtain review of such decision by a civil action commenced

within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

(h) ...No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405.

In claims arising under the Act, judicial review is permitted only in accordance with section 405(g). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994); *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr,* 309 U.S. 242, 244 (1940). "Sovereign immunity is jurisdictional in nature." *Meyer,* 510 U.S. at 475. The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586 (1983). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). Where a statute creates a right, including a right to sue, and provides a special remedy, "that remedy is exclusive." *United States v. Babcock,* 250 U.S. 328, 331 (1919). As such, Section 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act.

Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner of Social Security] made after a hearing.' " *Califano v. Sanders,* 430 U.S. 99, 108 (1977). The term "final decision" is undefined by the Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a).

An initial determination is binding unless a claimant requests reconsideration. 20 C.F.R. §§ 404.905, 416.1405. If the claimant proceeds to a hearing before an ALJ, the ALJ's decision is binding if a claimant does not seek Appeals Council review. *See* 20 C.F.R. §§ 404.955,

3

416.1455. If a claimant seeks Appeals Council review, the Appeals Council may deny the request, making the ALJ's decision final, or review the case and make a decision. 20 C.F.R. §§ 404.967, 404.981, 416.1467. The Appeals Council's decision, or the ALJ's decision if the request for review is denied, is binding unless an action for federal district court review is filed within 60 days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 404.981, 416.1481; see 20 C.F.R. 422.210. Under the regulations, a judicially reviewable final decision is available only if the claimant completes the administrative review process and receives either an Appeals Council decision or an Appeals Council notice that it denies a request to review the ALJ's decision. *Id*.

C.   Analysis

Here, Defendant contends that Plaintiff did not seek reconsideration of the state agency's partially favorable initial determination and therefore has not received a final decision subject to judicial review. In her response or "answer" to Defendant's motion, Plaintiff appears to assert contradictory positions. First, Plaintiff contends that she applied for "SSA and SSI" benefits, she was found disabled as of March 14, 2004, and she was determined eligible for benefits. Plaintiff's Answer at p.1. Conversely, Plaintiff contends that the Social Security Administration has not issued a decision on her application for "SSI" for four years. Plaintiff's Answer at p. 2. Plaintiff also contends that there was never a ruling indicating a "partially favorable" determination.[2] *Id.*

The record before the Court demonstrates that Plaintiff did not complete the administrative review process regarding her March 2004 application for disability insurance benefits. After the Social Security Administration issued an initial determination finding Plaintiff eligible for disability insurance benefits as of March 14, 2004, Plaintiff did not request

---

[2] It is unclear whether Plaintiff does not understand that the notice issued by the Social Security Administration on October 15, 2004, is a "partially favorable" decision regarding her application for disability insurance benefits at the initial determination level or whether she is contending that she filed a separate application for Social Security Income pursuant to Title XVI. Insofar as Plaintiff's answer may be construed as a request for review of an application for Social Security Income, as opposed to disability insurance benefits, Plaintiff has conceded that there is no decision for this Court's review.

reconsideration or other review of that determination.  As she did not initiate or complete the administrative review process, there is no judicially reviewable final decision pursuant to 42 U.S.C. § 405(g).

### Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **October 16, 2008**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE